NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1463


APOTEX INC. (formerly known as TorPharm, Inc.)
and APOTEX CORP.,

Plaintiffs-Appellants,

v.

PFIZER INC. and WARNER-LAMBERT COMPANY
(now known as Warner-Lambert Company LLC),

Defendants-Appellees.

_____

DECIDED:  April 11, 2005
_____


Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Apotex Inc. and Apotex Corp. (collectively "Apotex") appeal the judgment of the district court, which dismissed Apotex's declaratory judgment action for lack of jurisdiction. <u>Torpharm, Inc. v. Pfizer, Inc.</u>, No. 03-CV-990, 2004 WL 1465756 (D. Del. June 28, 2004).  Because Apotex's appeal is moot, we <u>vacate</u> and <u>remand</u> with instructions to <u>dismiss</u>.

Less than one week before oral argument, Pfizer covenanted not to sue Apotex for infringement of U.S. Patent No. 4,743,450. A covenant not to sue, such as that provided by Pfizer, moots an action for declaratory judgment. See Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855 (Fed. Cir. 1999) ("[A] covenant not to sue . . . is sufficient to divest a trial court of jurisdiction over a declaratory judgment action."). As a result, the judgment and opinion of the district court are vacated and the case is remanded with instructions to dismiss for lack of jurisdiction. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 23 (1994) ("[V]acatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court."); Najjar v. Ashcroft, 273 F.3d 1330, 1340 (11th Cir. 2001); Mayfield v. Dalton, 109 F.3d 1423, 1427 (9th Cir. 1997).

COSTS

Apotex shall have its costs.